## VOORHIES v. ATLEE, *et. al.*

1. **Promissory Note :** WAIVER OF NOTICE BY INDORSER. A "waiver of notice" by an indorser will not be construed to extend beyond the import of the terms used, and hence constitutes no excuse for the want of due presentment of the note to the maker for payment.

2. —— OBLIGATION OF GUARANTOR : DUE DILIGENCE. The obligations of a guarantor of a promissory note are, that he will pay the same if the maker fails to pay at maturity, and the holder shall use due diligence by suit to collect the same.

3. —— Due diligence in the absence of special circumstances would, upon the failure of the maker to pay, require suit to be instituted against him by the holder at the first regular term of court, in the defendant's venue, after maturity. It was accordingly *held*, that failure to bring such suit until after two terms had passed showed such a want of diligence as that the guarantor was released.

*Appeal from Lee District Court.*

THURSDAY, JUNE 9.

ACTION upon a promissory note and guarantee of its collection; judgment for defendant upon the guarantee. Plaintiff appeals.

*Gillmore & Anderson* for the appellant.

*McCrary, Miller & McCrary* for the appellee.

COLE, Ch. J.—This cause was tried to the court and facts found as follows : The medical department of the

Voorhies v. Atlee.

**1. PROMISSORY NOTE: waiver of notice by indorser.** Iowa University, by J. C. Hughes, dean, executed the note sued on at the date thereof; that before maturity the payee transferred the same to plaintiff by the endorsement thereon; all of which are as follows:

" $142.50.   Sixty days after date the medical department of the Iowa University promises to pay John C. Atlee or order, $142.50, value received.   August 17, 1858.

"J. C. HUGHES, *Dean.*"

" I assign the within to S. F. Voorhies, and guarantee the collection of the same and waive notice.

"JOHN C. ATLEE."

Suit on said note was commenced August 26, 1859, against said Atlee as well as said medical department; that on February 5, 1861, judgment was rendered against said medical department for $162.17, but by some mistake or oversight no order or judgment was made by the court in regard to John C. Atlee, and the case was accidently dropped from the docket, but afterward, on motion of plaintiff, was replaced; that said judgment against said medical department has never been paid; that said medical department was insolvent at the commencement of said suit and still remains so; that two terms of court were held in Lee county between the maturity of said note and the commencement of said suit.

Upon these facts the court rendered judgment for the defendant; and this is assigned as error. It may be conceded, as claimed by appellant's counsel, that by the writing indorsed upon the note the payee of the note and maker of said endorsement, John C. Atlee, assumed the obligations of both an indorser and a guarantor of collection. But the facts found by the court do not show

that the note was presented for payment at maturity and that payment was refused. Such presentment was requisite in order to fix the liability. of Atlee as an indorser. Nor was this necessity for presentment for payment at maturity obviated by the "waiver of notice" embodied in said assignment and guarantee; for it seems to be well settled that such agreements will not be construed to extend beyond the plain and clear import of the terms used. And it has accordingly been held, that an agreement to waive notice will constitute no excuse for the want of due presentment of the note to the maker for payment. Story on Prom. Notes, § 272, and cases cited; also § 336 and cases there cited; *Berkshire Bank* v. *Jones,* 6 Mass., 524; *Backus* v. *Shepherd,* 11 Wend., 629; *Buckley* v. *Bentley,* 42 Barb., 646.

The obligations assumed by a guarantor of the collection of a note are, that he will pay the same if the maker fails 2. ——obligation to pay at maturity, and the holder shall use of guarantor: due diligence. due diligence by suit to collect the same and shall be unable to do so. Due diligence, generally, and in the absence of any special facts, would require suit to be instituted at the first regular term of court after maturity, and the obtaining judgment and execution thereon as soon as practicable by the ordinary rules and practice of the court. *Craft* v. *Dodd,* 15 Ind. 380; *Spears* v. *Clark,* 7 Black, 283; *Dole* v. *Watson,* 2 Ind. 177; *Merriman* v. *Maple,* 2 Black, 350; *Johnson* v. *Lewis,* 1 Dana, 182.

In this case the plaintiff failed to institute his suit until the third term of court, allowing two terms to pass without suit. No facts are shown to excuse this delay— this want of due diligence. But it is shown that the maker of the note was insolvent at the commencement of the said suit and still remains so. This excuse fails in its sufficiency, for that it does not show that the maker was insolvent at the maturity of the note and so continued up

to the commencement of the suit. Without this, the plaintiff fails to show due diligence, as also that the guarantor has received no detriment from the want of it. *Peck* v. *Frink*, 10 Iowa, 193, and authorities there cited. *Forest* v. *Stewart*, 14 Ohio St. 246 ; Rev. 1860, §§ 1800, 1801 ; *Cady* v. *Sheldon*, 38 Barb. 103 ; *Van Deveer* v. *Wright*, 6 Barb. 547.

.Affirmed.