SUMMERS v. BARRETT ET AL.

1. **Promissory Note:** GUARANTY OF COLLECTION : LIABILITY OF GUAR-
ANTOR. Where C. had indorsed upon a promissory note, payable to
bearer, a guaranty of *payment,* with waiver of notice, and afterwards
defendant indorsed thereon a guaranty of *collection,* and both of these
guaranties were on the note when it became the property of plaintiff,
*held* that plaintiff could not recover thereon against the defendant, with-
out showing that he had used reasonable diligence to collect the note
from both the maker and the first guarantor, unless he showed some
legal excuse for his neglect to use such diligence.

*Appeal from Winneshiek District Court.*

TUESDAY, DECEMBER 9.

ACTION against the guarantor of a promissory note. There
was a judgment upon a verdict for defendant. Plaintiff
appeals.

*L. Bullis,* for appellant.

No appearance for appellee.

BECK, J.—I. One Andrews executed his promissory note,
payable to plaintiff or bearer. Clark, by indorsement, guar-
anteed the payment of the note, and waived notice. Subse-
quently Barrett, by indorsement, guaranteed the *collection*
of the note. This action is against Barrett alone. There
was evidence tending to show that at and since the maturity

of the note Adams was and has been insolvent, and a non-resident of the state; but there is no evidence of the insolvency or non-residence of Clark. The court below gave to the jury the following instruction: "It is admitted by the plaintiff, on the stand as a witness, that both of these written guarantees were on the note, duly signed, when the note was delivered to him by the maker, Charley Adams; and the uncontradicted evidence is that John T. Clark signed his guaranty of payment before the defendant signed his guaranty of collection. Such being the fact, the plaintiff cannot recover of this defendant on his guaranty of collection, unless he, the plaintiff, shows that he has used reasonable diligence to collect the note from both Adams, the maker, and Clark, by legal proceedings, or unless he shows some legal excuse for his neglect to use such diligence. It is more than eight years since the note matured, and there is no evidence before you that the plaintiff has made an effort to enforce collection against said Clark, nor is there any evidence before you of any legal excuse for this neglect. You will therefore return a verdict for the defendant."

These instructions, we think, are correct. The guaranty of defendant was for the collection of the note, and related to it as it was when he became guarantor. He became bound to pay it in case it could not be collected by reasonable diligence. As Clark was bound to pay the note by his guaranty, defendant's contract related to the liability of Clark as well as of Adams. Defendant became liable only in case the note was not paid by either Adams or Clark, after proper diligence was used by plaintiff to collect it from both. This is the obvious effect of defendant's guaranty. The plaintiff, by showing Adams' insolvency and non-residence, excused want of effort to collect from him. This is contemplated in the court's instruction. But no excuse is shown for neglect to use diligence to collect the note from Clark. Plaintiff, therefore, cannot recover of defendant. The instructions above set out are correct, and those asked

by plaintiff, being in conflict therewith, were properly refused. In support of our conclusion as to the effect of the guaranty for the collection of the note, see *Peck v. Frink*, 10 Iowa, 193; *Voorhies v. Atlee*, 29 Iowa, 49. The evidence gives sufficient support to the verdict. The foregoing views dispose of all questions in the case.

The judgment of the district court is

AFFIRMED.