LEWIS E. DILLMAN

*v.*

JOHN W. NADELHOFFER.

| 160 | 121 |
|-----|-----|
| 79a | 232 |

| 160 | 121 |
|-----|-----|
| 84a | 581 |

| 160 | 121 |
|-----|-----|
| 98a | 1467 |

*Filed at Ottawa October 11, 1895—Rehearing denied March 13, 1896.*

1. GUARANTY—*when no new consideration is necessary to support.* A guaranty indorsed upon a promissory note before its delivery to the payee needs no new consideration to support it.

2. SAME—*of "collection" of note—what liability attaches.* Parties other than the payees of a note, who, by contract signed by them on the back thereof before its delivery, "guarantee the *collection*" of such note, undertake to pay the debt only in the event that the holder, by diligent use of the ordinary legal means, is unable to collect it from the maker.

3. APPEALS AND ERRORS—*failure to preserve question of law by proposition.* The Supreme Court, upon appeal from a judgment of the Appellate Court affirming that of the court below rendered on a trial without a jury, cannot consider whether due diligence was used to fasten liability upon the guarantor of a note, where no proposition was submitted preserving that question as one of law.

*Dillman v. Nadelhoffer,* 56 Ill. App. 396, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. CHARLES BLANCHARD, Judge, presiding.

GEORGE S. HOUSE, for appellant:

If the payee, through negligence, permits a term to pass without obtaining judgment, he cannot have recourse

against the guarantor. *Bestor* v. *Walker*, 4 Gilm. 15; *Robinson* v. *Olcott*, 27 Ill. 184; *Chalmers* v. *Moore*, 22 id. 359; *Roberts* v. *Haskell*, 20 id. 63.

The law imposes upon the payee, where he relies upon diligence against the maker in order to charge a guarantor of collection, the duty of employing all the means the law gives him to collect his money. *Bestor* v. *Walker*, 4 Gilm. 15; *Robinson* v. *Olcott*, 27 Ill. 284; *Craig* v. *Parkis*, 40 N.Y. 181; *Borman* v. *Akeley*, 30 Mich. 710; *Day* v. *Elmore*, 4 Wis. 190.

The rights of the legal holder, under and by his note and guaranty, are to be most strictly construed and the liability of the guarantor limited to the exact extent of his undertaking. The contract may not, in the least, be broadened by implication. *Wright* v. *Johnson*, 8 Wend. 516; *Kingsburg* v. *Westfall*, 61 N.Y. 360; *Bank* v. *Kaufman*, 93 id. 281; *Crughino* v. *Hammer*, 60 Cal. 235; *Jones* v. *Ashford*, 79 N. C. 172; *Ryan* v. *Trustees*, 14 Ill. 20; *Vinyard* v. *Barnes*, 124 id. 346; *Mix* v. *Singleton*, 86 id. 194; *Insurance Co.* v. *Johnson*, 120 id. 622; Brandt on Suretyship, sec. 93.

If the payee, through negligence, permits a term to pass without obtaining judgment, he cannot have recourse on the assignor. If he resorts to legal proceedings he must prosecute them with vigor, so long as such proceedings promise to be available. *Chalmers* v. *Moore*, 22 Ill. 360; *White* v. *Clayes*, 32 id. 328; *Roberts* v. *Haskell*, 20 id. 59; Brandt on Suretyship, sec. 101; *Craig* v. *Parkis*, 40 N. Y. 181; *Voorhies* v. *Atlee*, 29 Iowa, 49; *Borman* v. *Akeley*, 39 Mich. 710; *Day* v. *Elmore*, 4 Wis. 190; *Durand* v. *Bowen*, 73 Iowa, 573.

HALEY & O'DONNELL, for appellee:

The finding of facts by the Appellate Court is conclusive on the Supreme Court. *Sconce* v. *Henderson*, 102 Ill. 376; *Insurance Co.* v. *McKee*, 94 id. 494; *Albin* v. *Kinney*, 96 id. 215; *Tibballs* v. *Libby*, 97 id. 552.

Where the Appellate Court does not find the facts of a case in its final judgment, it will be deemed to have found them the same as did the trial court. *Brandt* v. *Lill,* 96 Ill. 608; *Brownell* v. *Welch,* 91 id. 523; *Bank* v. *Proctor,* 98 id. 558.

The finding of the Appellate Court as to mixed questions of law and fact is final, and not subject to review in the Supreme Court. *Stock Yards* v. *Wiggins Ferry Co.* 102 Ill. 514.

Whether a party used due diligence depends upon the facts of every case. *Rudy* v. *Wolf,* 16 S. & R. 82; *Rhodes* v. *Seymour,* 36 Conn. 5; *Keener* v. *Finger,* 70 N. C. 35.

It is such conduct and such diligence as a careful, prudent man of reasonable sense and judgment would be expected to exercise concerning the protection of his own rights. *Jones* v. *McGuirk,* 51 Ill. 387.

In the case of a guaranty, a suit at law against the principal debtor is not necessary to sustain an action against the guarantor, unless such suit is required by the very terms of the contract or necessarily implied from the terms used. *Winchell* v. *Doughty,* 15 Hun, 1; *Morris* v. *Wadsworth,* 11 Wend. 100, and 17 id. 103; *Debbin* v. *Bradley,* id. 424; *Douglass* v. *Reynolds,* 7 Pet. 113; *Burgreave* v. *Smee,* 6 Bing. 244.

The law never requires the performance of a useless act. *Bestor* v. *Walker,* 4 Gilm. 3; *Hamlin* v. *Reynolds,* 22 Ill. 211; *Kayser* v. *Hall,* 85 id. 511; *Gay* v. *Rainey,* 89 id. 221.

HILL, HAVEN & HILL, (of counsel,) also for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action, begun on January 10, 1888, by the appellee, as the payee in and holder of the two notes hereinafter described, against the appellant and one Calvin Knowlton, as guarantors of the collection of said notes, upon their contract of guaranty. Both defendants were served, but before the trial Calvin Knowlton

died, and the suit proceeded against appellant. After the beginning of the suit the plaintiff sued out an attachment in aid thereof and levied the same upon certain real estate belonging to the defendant, Lewis E. Dillman. The plea of general issue was filed to the declaration, and there was also a plea traversing the allegation of the affidavit for attachment. A jury was waived, and the cause was tried by agreement before the court without a jury. The court found for the plaintiff on both issues and rendered judgment for $6638.66 damages, which amount was made up of $4132.59 remaining due and unpaid on the first note, and $2506.07 due on the second note. This judgment has been affirmed by the Appellate Court, and from such judgment of affirmance the present appeal is prosecuted.

Both notes were signed by Edward R. Knowlton and Andrew Dillman; both were dated April 18, 1883, at Joliet, Illinois; each was for the sum of $8000.00; by the first the makers promise to pay on July 1, A. D. 1884, after date to the order of John W. Nadelhoffer $8000.00 at Joliet, Illinois, with interest at six per cent per annum from date; by the second the makers promise to pay on July 1, 1885, after date to the order of John W. Nadelhoffer $8000.00 at Joliet, Illinois, with interest at six per cent per annum from date payable annually.

The guaranty, endorsed upon each of the notes, and upon which the present suit is brought, was signed by the said Calvin Knowlton, and by the appellant, Lewis E. Dillman, and is in the following words: "For a valuable consideration we do hereby guarantee the collection of the within note at its maturity, April 18, 1883." It is to be noticed, that the guaranty here is not by the payee of the note, but by third persons not parties to the note. The contract of guaranty was, however, executed by the guarantors before the delivery of the note to the payee. "When a guaranty is put upon a note at the time of its execution, and, so, is a part of the original transaction,

no new consideration is necessary to support it." (*Joslyn* v. *Collinson*, 26 Ill. 61). Hence, the use of the words, "for a valuable consideration," merely gives expression to what the law would imply without their use.

It is to be further noticed, that the guaranty is not a guaranty of the payment of the note, but a guaranty of the collection of the note. A contract, guaranteeing the payment of a note or debt, is an absolute contract. By it the guarantor undertakes, for a valuable consideration, to pay the debt at maturity, if the principal debtor fails to do so; and upon it, if the debt is not paid at maturity, the guarantor may be sued at once. But a contract, guaranteeing the collection of a note or debt, is conditional in its character, and the guarantor thereby undertakes to pay the debt, upon condition that the owner thereof shall make use of the ordinary legal means to collect it from the principal debtor with diligence and without avail. (*Newlan* v. *Harrington*, 24 Ill. 207; *Day* v. *Elmore*, 4 Wis. 190).

By some courts it seems to be held not only that the guarantor of the collection of the note or debt can avoid liability to pay until the impossibility of collecting the debt has been demonstrated by the prosecution of a suit to judgment and execution against the principal debtor without success, but that such prosecution is a condition precedent to the right of recovery against the guarantor, and that the fact of insolvency is no excuse for the failure so to prosecute. The better opinion, however, seems to be, that the insolvency of the principal debtor will excuse the failure to institute suit and obtain judgment; (1 Brandt on Sur. and Guar. sec. 98, and cases in note; *Voorhies* v. *Atlee*, 29 Iowa, 49; *Durand* v. *Bowen*, 73 id. 573); and such is the rule in this State as laid down in the case of *Judson* v. *Gookwin*, 37 Ill. 286.

In *Judson* v. *Gookwin*, *supra*, it was held that, where the payee of a note endorses thereon a written guaranty of its collection, his liability is the same as that of an

endorser or assignor under the statute. Such an assignor of a note, under the act of 1874 in regard to negotiable instruments, (Rev. Stat. chap. 98, sec. 7), is liable to the assignee thereof, if the latter shall have used due diligence by the institution and prosecution of a suit against the maker thereof for the recovery of the money or property due thereon, or damages in lieu thereof, *provided* that, if the institution of such suit would have been unavailing when such instrument became due, such assignee may recover against the assignor as if due diligence by suit had been used. (Rev. Stat. 1845, p. 385, sec. 7).

Due diligence means reasonable diligence, such diligence as a prudent man would exercise in the conduct of his own affairs. (*Nixon* v. *Weyhrich*, 20 Ill. 600; *Judson* v. *Gookwin, supra*). The holder of the note must prosecute the maker with reasonable diligence in order to hold the endorser responsible. (*Allison* v. *Smith*, 20 Ill. 105). To show diligence by suit, the assignee or holder must institute legal proceedings against the maker at the first term after the maturity of the note, and must prosecute them to judgment at the earliest period within his power, and then issue execution without delay. (*Bestor* v. *Walker*, 4 Gilm. 3; *Robinson* v. *Olcott*, 27 Ill. 181; *Voorhies* v. *Atlee, supra;* 1 Brandt on Sur. and Guar. sec. 101).

Substantially in accordance with these principles, the trial court held as law the following propositions submitted by the defendant below, the appellant here:

"The obligation assumed by a guarantor of the collection of a note is, that he will pay the note if the maker fail to pay the same at maturity, and the legal holder of the note is not able, by due diligence, to enforce collection from the maker.

"And in such case it is necessary for the legal holder to show, as a condition precedent to a recovery against the guarantor, either that he has prosecuted the maker with due diligence without avail, or that the institution of a suit against the maker would have been unavailing.

"And also, if the legal holder relies on diligence by suit, he must institute legal proceedings against the maker at the first term of the proper court after maturity of the note, and must prosecute such proceedings to judgment and execution at the earliest period within his power; and if delay is had in obtaining judgment, such result must not grow out of his consent or his negligence."

No propositions were submitted by the plaintiff below to be held as law in the decision of the case. The foregoing were the only propositions submitted by the defendant. No objection is pointed out to us as having been made either to the admission or exclusion of evidence. Counsel for appellant argues at length, that the appellee did not prove due diligence in the prosecution of the two suits upon the notes above described against the makers thereof.

It is not claimed, that there was any want of due diligence in the institution of the suits. The suit upon the note first maturing was brought to the first term of court after its maturity. Before the second note matured, the makers thereof obtained an injunction against appellee enjoining him from beginning suit thereon. This injunction remained in force for nearly a year, and, when it was dissolved, appellee began suit upon the second note at the next term of court after the dissolution of the injunction.

It would be an unnecessary and profitless task to follow counsel through his review of all the various steps taken in the prosecution of the suits upon the notes. Judgments were finally obtained upon them, and executions were issued upon the judgments, and all was realized that could be realized in payment of the notes. One of the makers of the notes died long before either judgment was obtained against the survivor. There is evidence tending to show that, before judgment was obtained upon the second note, the surviving maker, Andrew Dillman, had become insolvent.

The question, whether due diligence has been used in the prosecution of a suit in order to fasten liability upon an endorser, or a guarantor for collection, has in some cases been held to be a question of fact for the jury; in some cases, where the evidence has been undisputed, it has been held to be a question of law for the court; and in some cases it has been held to be a mixed question of law and fact to be passed upon by the jury under the instructions of the court. If it were a question of fact, then, in the case at bar, we are precluded from considering it, as it is settled by the judgment of the Appellate Court affirming the judgment of the circuit court. If there be any undisputed facts or circumstances disclosed by the testimony in regard to the prosecution of the suits on the notes, which, in the opinion of counsel, show a want of due diligence as matter of law, we cannot consider them, because no proposition in relation thereto was submitted to the trial court to be held as law in the decision of the case.

We are inclined, however, to regard the question of due diligence in the prosecution of a suit against the maker of a note, in order to charge the guarantor of the collection thereof with liability, as a mixed question of law and fact, which should be submitted to the jury under proper instructions from the court. (*Backus* v. *Shipherd*, 11 Wend. 629; *Day* v. *Elmore*, 4 Wis. 190; 1 Brandt on Sur. and Guar. sec. 101). As the jury was waived in this case, its functions were performed by the trial court under the agreement of the parties; and, as no proposition was submitted to that court to be held as law in its decision upon the subject of due diligence, the judgment of the Appellate Court, affirming that of the trial court, settles the question so far as we are concerned. (*St. Louis Stock Yards* v. *Wiggins Ferry Co.* 102 Ill. 514).

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*