## Empire Security Company, Appellant, v. J. M. Berry, Appellee.

### Gen. No. 23,549. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. Hosea W. Wells, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and judgment here. Opinion filed May 14, 1918.

### Statement of the Case.

Action by Empire Security Company, plaintiff, against J. M. Berry, defendant, to recover on a written guaranty. From a judgment for defendant, plaintiff appeals.

L. A. Stebbins, Burton P. Sears, Frederick A. Bangs and E. I. Frankhauser, for appellant; Richard H. Colby and Herbert J. Ferguson, of counsel.

C. Arch Williams, for appellee.

Mr. Justice McDonald delivered the opinion of the court.

### Abstract of the Decision.

1. Words and phrases—*how "retire" defined.* The word "retire" means to recover; redeem; regain by the payment of a sum of money. (Citing Century dictionary.)

2. Bills and notes, § 169*—*what constitutes agreement to pay note if not paid at maturity.* An agreement to pay a note if the maker does not "retire" it at maturity is an agreement to pay the note if the maker does not pay it at maturity.

3. Bills and notes, § 172*—*what constitutes absolute guaranty of note.* An agreement to pay a note if the maker does not "retire" it at maturity is an absolute guaranty of the note, and it is unnecessary that the payee exhaust his remedies against the maker before proceeding against the guarantor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Empire Security Co. v. Berry, 211 Ill. App. 278.

4. BILLS AND NOTES, § 172*—*what regarded as surplusage in guaranty of note.* Where the guaranty of a note is otherwise absolute, the use of the words "To whom it may concern," by way of preamble, is immaterial, and such words may be regarded as surplusage.

5. GUARANTY, § 6*—*when notice of acceptance unnecessary.* Where a guaranty of a note is absolute, no notice of its acceptance is necessary to bind the guarantor.

6. GUARANTY, § 6*—*when notice of acceptance is unnecessary.* Where a contract of guaranty is entered into contemporaneously with the principal agreement, no notice of acceptance to the guarantor is necessary.

7. GUARANTY, § 6*—*when notice of acceptance is unnecessary.* No notice of acceptance to make an agreement of guaranty of a note binding is necessary where such agreement acknowledges the receipt of a valuable consideration moving from the creditor to the guarantor.

8. GUARANTY, § 36a*—*when notice of acceptance shown.* In an action on a written guaranty of a note, evidence *held* sufficient to show that defendant received notice of the acceptance of his contract of guaranty.

9. GUARANTY, § 36a*—*when shown that execution was authorized.* In an action on a written guaranty of a note, evidence *held* to show that defendant authorized the execution of the guaranty on his behalf.

10. APPEAL AND ERROR, § 1078*—*what is effect of failure to file cross error.* A defendant, and appellee, is bound by a special finding upon which he assigns no cross error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.