Matt Yaple and Charles W. Ainsworth, Appellants, v. Edna Mertz Carman et al., Appellees.

Gen. No. 8,078.

Opinion filed November 21, 1927.

CHARLES A. GRIDLEY and THOMAS D. MASTERS, for appellants.

BRADLEY, WILLIAMS, HARPER & FARRELL, for appellees; THOMAS E. D. BRADLEY and EDWARD J. FARRELL, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case the appellants, Matt Yaple and Charles W. Ainsworth, filed a bill in equity in the circuit court of Cass county against the appellees, who are heirs at law of William K. Mertz, deceased, to enforce an alleged right to equitable contribution. The facts alleged in the bill as a legal basis for the demand for contribution are as follows:

"That the said William K. Mertz died possessed of moneys and securities of the approximate value of

$152,000 and seized in fee of various tracts of land situate in the Counties of Cass and Mason, in the bill specifically described.

"That subsequent to the death of the said Mertz and on the 22nd day of May, 1922, letters of administration issued out of the County Court of Cass County to appellant, Matt Yaple and one, Hugo W. Greb; that said named persons qualified, agreeable to the orders of the said County Court, gave bond in the penal sum of $200,000 and thereafter administered upon the estate of the said Mertz.

"That the statutory year of administration expired on the 22nd day of May, 1923.

"That previous to the year 1920 appellants and the decedent Mertz were copartners, engaged in private banking at Kilbourne, Illinois; that such banking business was incorporated in 1921; that thereupon appellants and Mertz became directors, the said Mertz being elected president and remained so until his death.

"That in the prosecution of the banking business at Kilbourne, it became necessary in December, of 1921, to obtain credit for the use and benefit of the bank; that thereupon appellants and the said Mertz applied to the First National Bank of Chicago to extend credit to the Kilbourne Bank to the amount of $20,000; that in order to procure such credit, appellants and the said Mertz, together with one, S. N. Caldwell, on the 8th day of December, 1921, made, executed and delivered to the First National Bank of Chicago the following instrument:

INDIVIDUAL OR CORPORATION.

"The undersigned hereby request the First National Bank of Chicago to give and continue to the Kilbourne State Bank, Kilbourne, Illinois, credit as they may desire from time to time, and in consideration of all and any such credit given, the undersigned hereby guarantee prompt payment when due of any and all in-

debtedness now due or which may hereafter become due from Kilbourne State Bank, Kilbourne, Illinois, to said Bank, howsoever created or arising or evidenced and waive notice of the acceptance of this guaranty and of any and all indebtedness at any time covered by the same.

"It is understood that while the amount of credit extended to or liability incurred to you by the said Kilbourne State Bank, Kilbourne, Illinois, is not limited, the undersigned's liability to you hereunder shall not exceed Twenty Thousand Dollars, Chicago, Illinois, December 8, 1921.

|  |  |
|---|---|
| S. N. CALDWELL, | (SEAL) |
| *Ass't Cashier* | |
| W. K. MERTZ, | (SEAL) |
| MATT YAPLE, | (SEAL) |
| CHARLES W. AINSWORTH, | (SEAL) |

"That in reliance upon such contract the First National Bank of Chicago did, during the lifetime of the said Mertz, extend credit to the Kilbourne Bank to the amount of $19,089.33, and that at the time of the death of Mertz the Kilbourne Bank was indebted to the First National in that sum of money.

"That the Kilbourne Bank was a going concern throughout the years, 1922 and 1923, and until March, 1924, and its indebtedness to the First National remained a fixed and primary obligation of the Kilbourne Bank throughout the year of administration upon the estate of William K. Mertz.

"That no demand was made by the First National upon appellants and the said Mertz during his lifetime, on account of said contract of indemnity, or upon appellants after the death of said Mertz, until March, 1924, nearly a year after the year of administration upon the estate of Mertz had expired.

"That in March, of 1924, the First National, upon learning that the Kilbourne Bank had ceased doing business, made demand upon appellants and the said

S. N. Caldwell to make payment of the said amount due it from the Kilbourne Bank; that at the time of such demand the said Caldwell had become insolvent and that in May, 1924, appellants paid to the First National the amount of their respective individual liabilities, upon the basis of one third, amounting to the sum of $12,726.24 and thereafter, upon that item in the sum of $6,363.12 appearing in the report of appellant Matt Yaple and Hugo Greb, as administrators of the estate of the said Mertz, and for which they sought credit, being disallowed, appellants paid the last mentioned sum of money representing the liability of the defendant to the First National Bank, in full discharge of all liability arising by the terms of said contract of indemnity and for the benefit and in discharge of all liability against the estate of William K. Mertz.

"That the claim of the First National against appellants and the said Mertz, arising by reason of the contract of indemnity, was contingent at the time of the death of Mertz and remained so throughout the statutory year of administration upon the estate of Mertz and until March, 1924, when the Kilbourne Bank ceased doing business and the First National then learned of the death of the said Mertz.

"That on the 1st day of August, 1924, a final and complete distribution of the personal assets of the estate of William K. Mertz was made and the defendants, heirs at law of William K. Mertz, then received their distributive shares and no moneys remained in the hands of the administrators of such estate.

"That the legal and equitable title to the various tracts of land described in the bill upon the death of the said Mertz vested in said defendants as his heirs at law and they are now seized as in fee of undivided interests there.

"That because of the contingent character of the claim of the First National Bank, against appellants and the said Mertz and the engagements of the latter

as evidenced by the terms of the contract, appellants upon the payment of the sum of $6,363.12 to the First National, in discharge of the liability of the said Mertz, became, in equity and good conscience, subrogated to all legal and equitable rights of the First National; and, because of the equitable doctrine of contribution are entitled to be reimbursed to the amount of $6,363.12 out of and from the real estate of which the said Mertz died seized and are entitled to a lien against said real estate and a sale thereof to satisfy the amount they paid in discharge of the liability of the estate of William K. Mertz.''

The bill prays for a lien upon the described real estate and a sale to satisfy the alleged claim for contribution.

The appellees demurred to the bill, and the court sustained the demurrer. The appellants stood by their demurrer and thereupon the court entered a decree dismissing the bill for want of equity. This appeal is prosecuted from the action of the court sustaining the demurrer and dismissing the bill.

It is contended by the appellants that their claim against the estate of William K. Mertz, deceased, for which they are asking contribution, was contingent, and that, therefore, the limitation upon the right to enforce the claim against the estate of the deceased during the administration year, provided for in paragraph 71, chapter 3 of the Administration Act, Cahill's St. ch. 3, ¶ 71, was not operative against the right of recovery thereon, in this proceeding. As averred in the bill, the claim arises on a written guaranty contract entered into by the deceased William K. Mertz, S. N. Caldwell and the appellants for the benefit of the Kilbourne State Bank with the First National Bank of Chicago. The contract is set out *in haec verba* in the bill and it is apparent from the face of the guaranty contract that the liability created thereby is primary in its character, not only as to the Kilbourne State

Bank but also as to the guarantors, and the averments in the bill show that the liability under the contract of the deceased William K. Mertz and of the appellants was fixed and ascertained at the time of the death of the deceased, and that the amount was $19,089.33, and therefore no contingency existed as to liability or the amount thereof. It also appears from the averments of the bill that the deceased Mertz and the appellants were directors of the Kilbourne State Bank, and therefore must be charged with a knowledge of the fact that at the time of the death of Mertz the Kilbourne State Bank was not in a financial condition to pay, or would not pay the amount due the First National Bank of Chicago under the contract referred to, and that, therefore, the appellants and the Mertz estate would have to pay the $19,089.33 which was then due and collectible from them by the terms of the guaranty contract. If, therefore, the appellants wanted to enforce contribution from the Mertz estate, they could have done so, at any time, during the administration year, by paying the amount due under the guaranty contract and then filing their claim for contribution against the Mertz estate during the administration year. There appears to be no legal or equitable reason why paragraph 71 of the Administration Act, Cahill's St. ch. 3, ¶ 71, should not apply to their claim. It has been definitely settled by recent decisions that claims of this character come within the purview of the Administration Act. *Beebe v. Kirkpatrick,* 321 Ill. 612; *Yaple v. Mahy,* 241 Ill. App. 446.

For the reasons stated, the decree is affirmed.

*Affirmed.*