In re ESTATE OF CHARLES W. MELVIN, Deceased—(MARJORIE IRENE FLOOR, Claimant-Appellant, v. MILDRED B. MELVIN, Exrx. under the Will of CHARLES W. MELVIN, Deceased, Respondent-Appellee.)

(No. 71-212;

Third District—May 17, 1972.

John Olivero, of Peru, Hanley, Phillips, Traub & Ahlemeyer, of Fairbury, and Soll J. Schnitz, of Chicago, all for appellant.

John Berry, of Streator, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The action in the present case was instituted by Marjorie Irene Floor in the Circuit Court of La Salle County to recover money alleged to be due on a promissory note. On motion of defendant Mildred B. Melvin, executrix of the estate of Charles W. Melvin, deceased, an order was entered dismissing the claim for failure to state a cause of action. Claimant, Marjorie Irene Floor, seeks reversal of the order on the theory that the deceased Charles W. Melvin was a guarantor of payment.

On April 14, 1959, Melco, Inc., an Illinois corporation, acting through its president, Charles W. Melvin, made and issued its negotiable promissory note in the principal amount of $12,000.00, payable to the order of Marjorie Irene Floor. On the back of the note the following language appears:

"For and in consideration of funds advanced herein to Melco, Inc., we irrevocably guarantee Marjorie Irene Floor against loss by reason of non-payment of this note."

The signature of Charles W. Melvin, as well as others, appeared below such statement.

The complaint of plaintiff in this case does not allege prosecution of her claim to judgment as against the principal obligor on the note and it, also, does not allege the insolvency of the obligor, Melco, Inc. The only issue, therefore, before the court is whether, with respect to the undertaking on the back of the note, plaintiff is required to prosecute her claim against the maker of the note as a pre-condition to making a valid claim as against the estate of Charles W. Melvin.

Under the negotiable instruments act applicable, Illinois Revised Statutes, Ch. 26, § 3-416, the subsections which are pertinent to the issue in this case read as follows:

"(1) 'Payment guaranteed' or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party.

(2) 'Collection guaranteed' or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor, but only after the holder has

reduced his claim against the maker or acceptor to judgment and execution has been returned unsatisfied, or after the maker or acceptor has become insolvent or it is otherwise apparent that it is useless to proceed against him.

(3) Words of guaranty which do not otherwise specify guarantee payment."

The quoted subsection in the portion marked as "(1)" codifies the rule of several Illinois cases including *Beebe v. Kirkpatrick*, 321 Ill. 612, 152 N.E. 539, and *Weger v. Robinson Nash Motor Co.*, 340 Ill. 81, 172 N.E. 7. In the *Weger* case referred to, the guaranty contract which had been executed, read (at page 85):

"We, the undersigned directors and stockholders of the Robinson Nash Company, do hereby guarantee the *payment of notes* of said company given the Robinson State Bank of Robinson, Illinois, and hereby agree to be personally liable therefor and to all the conditions and requirements written in said notes  *  *  *." (Emphasis ours.)

The court in construing said language said, at page 90:

"A contract guaranteeing the payment of a note is an absolute contract, and by it the guarantor undertakes for a valuable consideration to pay the debt at maturity if the principal debtor fails to do so, and upon it, if the debt is not paid at maturity, the guarantor may be sued at once. Guarantors must be regarded as original promisors, who bound themselves to pay the notes when they matured, and their duty was, on their maturity, to go to the holder and take them up, and their liability was not to depend upon the prosecution of suit against the maker."

In *Beebe v. Kirkpatrick*, 321 Ill. 612, the question was with respect to construction of the words "I hereby guarantee this loan". In support of its holding that the cited language was absolute in nature, the Supreme Court stated (at page 616):

"In this State contracts of guaranty of negotiable instruments are of two kinds: contracts guaranteeing the collection of the notes, and contracts guaranteeing the payment of the notes. A contract guaranteeing the collection of a note or debt is conditional in its character, and the guarantor thereby undertakes to pay the debt upon condition that the owner thereof shall make use of the ordinary legal means to collect it from the debtor with diligence but without avail. A contract guaranteeing the payment of a note or a debt is an absolute contract, and by it the guarantor undertakes, for a valuable consideration, to pay the debt at maturity if the principal debtor fails to do so, and upon it, if the debt is not paid at maturity, the guarantor may be sued at once."

■■ Other cases, such as *Dillman v. Nadelhoffer*, 160 Ill. 121, treat the

language of subsection (2) referring to "collection guaranteed". In the *Dillman* case the language before the court was "for a valuable consideration we do hereby guarantee the collection of the within note at its maturity &ast; &ast; &ast;." (at page 124.) In construing this language, the Supreme Court stated that "the guaranty is not a guaranty of the payment of the note, but a guaranty of the collection of the note." The court stated (at page 125) that a contract guaranteeing the collection of a note or debt is conditional in its character and the guarantor thereby undertakes to pay the debt, "upon condition that the owner thereof shall make use of the ordinary legal means to collect it from the principal debtor with diligence and without avail".

In the cause before us, the primary contention made by plaintiff is that the language of defendant's guarantee presents an absolute undertaking and is, therefore, a guarantee of payment within purview of subsection (1) of the statute in question. In support of that contention (*Beebe v. Kirkpatrick*, 321 Ill. 612, 152 N.E. 539; *Hance v. Miller*, 21 Ill. 636, and *Empire Sec. Co. v. Berry*, 211 Ill.App. 278), are cited as authority. We have indicated that in the *Beebe* case, the court found that the language "I hereby guarantee this loan" presented a guarantee of payment and not collection. The *Hance* case involved construction of language which read "For value received I guarantee payment of the within note at maturity". Consistently, the court had no difficulty in construing that language to be a guarantee of payment. In the *Berry* case, the guarantor had agreed to pay the note if the maker did not "retire" it at maturity. The court found that the word "retire" as used in the context meant "pay" and, therefore, that the guarantee was of payment and not of collection.

■■ The language involved in each of the cases referred to by plaintiff is clearly in conformity with the law in Illinois regarding guaranty contracts. We believe, however, that plaintiff draws an erroneous analogy between guarantees appearing in those cases and that which we have under consideration in the cause before us. In our opinion, the terms of the guarantee in the instant case are made conditional upon collection of the note. While it is true that the word "collection" has not been used, in our view the guarantee as against "loss" is in effect a guarantee of collection rather than payment. At least one case of another jurisdiction (*Michelin Tire Co. v. Cutter* (Ore. 125), 240 P. 895), involved language similar to that in the instant case. There the defendant agreed to inddemnify plaintiff against "any loss on account of any monies" which a certain party may owe from time to time. The court had no difficulty in concluding that the guarantee involved was of collection and not of payment in that case.

■■ A distinction is sought to be made by plaintiff in the instant case to the effect that *Michelin Tire Co. v. Cutter, supra,* to which we have referred, cannot be considered in this case, in that the court in the *Oregon* case was not involved with the question of guarantee of payment or collection on a negotiable instrument. The argument is substantially that construction of language of a guaranty contract will change depending on the substance or form of the underlying agreement. We do not agree with such contention. A guaranty contract must be construed in like manner with other guaranty contracts notwithstanding that its execution is of a negotiable instrument or a non-negotiable instrument. Words rendering a guaranty conditional must have similar effect whether the obligation which is being guaranteed arose out of a simple contract or an obligation negotiable in form. We see no basis in law for the distinction which plaintiff has suggested.

While we agree with plaintiff that decisions of another state would not overrule the law of Illinois, we believe that decisions of courts of the respective states, where relevant, should be examined for such value as Illinois courts may find in them when out-of-state courts have construed certain language and Illinois courts have not. Parties to an appeal in fact have an obligation, when no Illinois authority is in point, to cite existing appropriate authority from other jurisdictions when available. *Kelley v. Kelley,* 317 Ill. 104.

A final contention made by plaintiff is that subsection "(3)" of the Illinois statute quoted earlier in our opinion to the effect that where words of guaranty do not otherwise specify, the guarantee of payment could be controlling in such case. We cannot agree with such analysis since it is apparent that the use of subsection "(3)" is limited to instances where no conditional language of the type we find in the present case has been used.

We, therefore, conclude that it is apparent that the instant guarantee is one of collection and not of payment. Since plaintiff does not allege that her claim was prosecuted to judgment and execution thereon returned unsatisfied or that the maker was insolvent, she has not complied with Section 3-416(2) of the Uniform Commercial Code. (Illinois Revised Statutes, Ch. 26.) The trial court's dismissal of the action was, therefore, proper, and should be affirmed.

Judgment affirmed.

STOUDER, P. J., and DIXON, J., concur.