RICHARD DUNNIGAN

*v.*

ELI F. STEVENS, Admr.

*Filed at Springfield September 27, 1887.*

1. NEGOTIABLE INSTRUMENTS—*liability of indorser—by what law governed.* Where promissory notes are made and indorsed in another State, the law of that State will govern as to the indorser's liability.

2. SAME—*character of liability under the law merchant.* Under the law merchant, the indorsement of a note amounts to a contract on the part of the indorser, that if, when duly presented, the note is not paid by the

maker, the indorser will, upon due and reasonable notice given him of the dishonor, pay the same to the indorsee or other holder.

3. SAME—*waiver of presentment and notice, as qualifying character of liability of indorser.* Under the law merchant in force in the State of Indiana, applicable to a note payable in a bank of that State, where there is an express waiver, in writing, by the indorser, of presentment for payment and of notice of its non-payment, the indorser's obligation for its payment is unconditional and absolute, and on the maturity of the note the holder may immediately bring suit against the indorser, without performance of any act.

4. An indorser may, by the form of his indorsement, make himself absolutely and positively, in all events, liable for the payment of the note, with or without due presentment or due notice of non-payment. If there is an agreement, in writing, to dispense with any demand upon the maker, or with notice of dishonor, the language will be construed to import an absolute dispensation with the ordinary conditions of an indorsement, and the indorser will become as absolutely bound to pay the same, when due, as if a guarantor or surety.

5. ADMINISTRATION OF ESTATES—*as to claims not due—estate of indorser of promissory note.* Under section 67, chapter 3, of the Revised Statutes, relating to the administration of estates of deceased persons, the indorsee of notes not yet due, where the liability of the indorser was absolute and not dependent upon any conditions, may have the same allowed against the estate of the latter, allowing the proper rebate of interest. Such indorsee or holder of the notes is a creditor of the estate, within the meaning of the law.

6. A, on January 1, 1881, sold a tract of land in the State of Indiana to B, for $8000, of which $500 was, paid, taking notes for the balance, payable in one, two, three, four, five, six, seven, eight, nine and ten years, bearing eight per cent per annum interest, secured by mortgage on the premises sold, the last six of which the payee indorsed in blank to C. The notes provided that the drawers and indorsers severally waived presentment for payment, protest and notice of protest, and non-payment thereof, and they were made payable at a bank in Indiana, in which State they were so assigned. A statute of that State provided that notes payable to order or bearer in a bank in such State, should be negotiable as inland bills of exchange, and that the payees and indorsees thereof might recover as in a case of such bills, and the Supreme Court of that State held that the provisions of the law merchant in regard to the presentment for payment and notice of protest and non-payment might be waived by the terms of the contract, and that such waiver extended to the indorsers. A, the payee, died, and his administrator sold the other notes to a third person, who foreclosed the mortgage, making the mortgagor, B, and C, parties defendant. The sale only paid C $500 of the notes held by him. A decree was rendered

against B for the sum due on the other notes, on which an execution was returned *nulla bona:* *Held,* that the estate of A was liable to C on the notes so indorsed to the latter, notwithstanding they were not due at the time of filing the same.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Edgar county; the Hon. C. B. SMITH, Judge, presiding.

Mr S. S. WHITEHEAD, for the appellant:

The contracts in this case were executed in the State of Indiana, in which State the notes are commercial paper, and negotiable as bills of exchange.    Stat. of Indiana, 1881, sec. 5506.

The provisions of the law merchant in regard to the presentment for payment, and notice of protest and non-payment, may be waived by the terms of the contract, and such waiver extends to the indorsers.    *Norvell* v. *Hittle,* 23 Ind. 346; *Neal* v. *Woods,* id. 523; *Lowery* v. *Steele,* 27 id. 168; *Hays* v. *Fitch,* 47 id. 21; *Henderson* v. *Hackelmire,* 59 id. 540; *Booker* v. *Morris,* 61 id. 286.

As the waiver appears in these notes, the decedent was immediately, directly and primarily liable on the notes at their maturity, without any preliminary acts on the part of their holder, and suit might be brought against him alone, or jointly against him and the maker.    Stat. of 1881, sec. 5516; *Morrison* v. *Fishall,* 64 Ind. 117; 23 id. 346.

The contract of indorsement is a contract to pay money, by the laws of Illinois as much as it is in Indiana.    Rev. Stat. chap. 98, p. 771.

Messrs. GOLDEN & HAMILL, for the appellee:

Demand and notice are not necessary when waived in the notes.    (*Booker* v. *Morris,* 61 Ind. 286.)    But there is nothing in the terms of the notes in this case that entitles the holder to bring suit against the indorser before their maturity.    As

to the indorser of commercial paper there can be no acceleration of payment, unless there is a breach of one or more of the well-known warranties implied in an indorsement. The warranties implied in an indorsement of the class of paper mentioned, are as follow: First, that the paper will be paid according to its purport; second, that it is, in every respect, genuine; third, that it is valid; fourth, that the ostensible parties are competent to contract; fifth, that the indorser has lawful title and the right to indorse. 1 Daniell on Neg. Inst. secs. 669, 675.

It can not be claimed, with even a shadow of truth, that either of the foregoing warranties has been violated in this case. If other warranties exist in Indiana under the contract of indorsement, it is confidently asserted that they do not attach to paper governed by the law merchant.

Only those promissory notes which are payable to order or bearer, at a bank in Indiana, are made negotiable as inland bills of exchange. A note payable to bearer, but not at such a bank, is subject to all defences of the maker. *Woodward* v. *Mathews*, 15 Ind. 339; *Rawlings* v. *Fisher*, 24 Ind. 52.

Such notes only are governed by the law merchant as are payable to order or bearer in a bank of that State. *Brouse* v. *Bunn*, 16 Ind. 406; *Clark* v. *Carey*, 63 id. 105; *Bremmerman* v. *Jennings*, 60 id. 105; *Murphy* v. *Lucas*, 58 id. 360.

The indorser in this case is not liable until the maker fails to pay the ·notes, and he is not in default until they become due. When due he may pay them, so that the liability of the indorser is conditional.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

On January 1, 1881, Clemuel R. Stevens, deceased, sold a farm in Sullivan county, Indiana, to one Samuel H. Kisner, for an agreed consideration of $8000. The sum of $500 was paid in cash, and for the remainder of the purchase money

Kisner executed his notes to Stevens, payable in bank, in one, two, three, four, five, six, seven, eight, nine and ten years after date, with interest payable annually, at the rate of eight per cent, and secured the payment of the same by mortgage on the premises purchased. · Afterwards, Stevens purchased of Richard Dunnigan some land situate in Clark county, Illinois, and in payment therefor transferred to Dunnigan, by indorsement in blank, six of the Kisner notes, the ones falling due January 1, 1886, and after. Stevens died, and after his death his administrator sold the remaining notes,—the ones falling due January 1, 1882, 1883, 1884 and 1885,—to one John J. Brake. The notes maturing up to January 1, 1884, remaining unpaid, Brake commenced proceedings to foreclose the mortgage aforesaid, in the circuit court of Sullivan county, Indiana, making Kisner and Dunnigan the only parties defendant. Dunnigan filed an answer, also a cross-complaint, claiming an interest in the mortgaged property. A judgment of foreclosure was rendered, finding that the mortgaged property was not susceptible of sale in parcels, and directing that it be sold as a whole, and the proceeds applied, first, to indebtedness due; second, to that not due, with a rebate, etc. 'A sale under this judgment resulted in only enough to satisfy the Brake notes, and pay the sum of $500 on the notes held by Dunnigan. A personal judgment in the foreclosure suit was rendered against Kisner, and an execution issued thereon was returned no property found. Dunnigan filed his claim against Stevens as indorser of the notes so indorsed by him to Dunnigan, for allowance against the estate of Stevens, in the county court of Clark county, where the claim was disallowed. On appeal to the circuit court there was judgment given against the administrator for $560, the amount of interest due on the notes, and that Dunnigan pay the costs in the proceeding, the claim having been filed subsequent to the time appointed by the administrator for the presentation of claims against the estate. The judgment of the circuit court was

affirmed by the Appellate Court for the Third District, and this writ of error is brought to reverse the judgment of the Appellate Court.

The following is a copy of one of the notes in question, and the indorsement:

"$500.00.                    Terre Haute, Ind., *January 1, 1881.*

"Five years after date I promise to pay to the order of Clemuel R. Stevens, at P. Shannon's bank, Terre Haute, Ind., $500, value received, without any relief from valuation and appraisement laws, with interest at eight per cent per annum from date until paid, and attorneys' fees.

"The drawers and indorsers severally waive presentment for payment, protest and notice of protest, and non-payment of this note.    Interest payable annually.

No. 5.                              Samuel H. Kisner."

Indorsed, "C. R. Stevens."

The notes are all alike, except in amount and time of payment, the others being for $700 each.    The notes and the indorsements were both made in the State of Indiana.

The statute of Indiana at the time provided as follows: "Notes payable to order or bearer in a bank in this State shall be negotiable as inland bills of exchange, and the payees and indorsers thereof may recover as in case of such bills." It is held by the Supreme Court of Indiana that the provisions of the law merchant in regard to the presentment for payment and notice of protest and of non-payment, may be waived by the terms of the contract, and that such waiver extends to the indorsers.

Our statute concerning the settlement of the estates of deceased persons provides: "Any creditor whose debt or claim against the estate is not due, may, nevertheless, present the same for allowance and settlement, and shall thereupon be considered as a creditor under this act, and shall receive a dividend of said decedent's estate, after deducting a rebate of

26—122 Ill.

interest for what he shall receive on such debt, to be computed
from the time of the allowance thereof to the time such debt
would have become due according to the tenor and effect of
the contract." (Rev. Stat. sec. 67, chap. 3.) And section 70
declares that all debts and demands not exhibited to the court
within two years from the granting of letters of administration
shall be forever barred, except as to subsequently discovered
assets.

Considerable stress has been laid in argument on the fact
of the insolvency of the maker, Kisner,—of there having been
personal judgment against him, and his estate exhausted.
Under our statute this would be important, as showing dili-
gence to collect of the maker; but the notes and indorsements
having been made in the State of Indiana, it is the law of that
State which is to govern in respect to the liability of the in-
dorser. The notes being payable in a bank in that State, the
indorser's liability, by the statute there, is that which arises
under the law merchant. Under that law, the indorsement of
a note amounts to a contract on the part of the indorser, that
if, when duly presented, the note is not paid by the maker, he,
the indorser, will, upon due and reasonable notice given him
of the dishonor, pay the same to the indorsee or other holder.
(Story on Promissory Notes, sec. 135.) But here there is an
express waiver, in writing, by the indorser, of presentment of
the notes for payment and of notice of their non-payment.
This dispenses with the conditions precedent to the indorser's
liability, and makes his obligation for the payment of the notes
to be unconditional and absolute. On the maturity of the
notes the holder might immediately bring suit against the in-
dorser without performance of any act.

An indorser may, by the form of his indorsement, make
himself absolutely and positively, in all events, liable for the
payment of the note, with or without due presentment or due
notice. (Story on Promissory Notes, sec. 461.) Where there
is an agreement in writing to dispense with any demand upon

the maker, or with notice of dishonor, the language will be construed to import an absolute dispensation with the ordinary conditions of an indorsement. (Ibid. sec. 148.) We consider that the indorser, here, by the form of his indorsement, made himself absolutely and positively, in all events, liable for the payment of the notes,—that his liability was as full as that of a surety or a guarantor; and the obligation of a surety or the guarantor of a promissory note is absolute to pay the note. *Hunt* v. *Adams,* 5 Mass. 519; *Luqueer* v. *Prosser,* 1 Hill, 256. And see Story on Promissory Notes, secs. 58, 59, and note.

It is said the indorser's contract here was to pay the notes, if, when they became due, the maker did not pay them; and that when the notes were filed the condition had not been met. We do not consider that there is any such distinct condition as thus named—that there is any other condition than what is comprised in presentment for payment and notice of non-payment. The condition, in this respect, as above stated by Story, is, "that if, when duly presented, it (the note) is not paid by the maker," etc. Dispensing with presentment carries with it all condition as to paying on the maker's failure to pay on presentment. And even if the contract were, as thus supposed, to pay the notes if, when they became due, the maker did not pay them, we hardly see how, in respect of liability to the indorsee, that would vary essentially from an absolute promise to pay the notes, or that the notes should be paid. Either form of promise would oblige the payment to be made at maturity, and would create the equal liability of the indorser for their payment at maturity.

It is again said, the maker might pay the notes at maturity, and so the indorser not have them to pay. But this would not be inconsistent with the indorser's liability for the payment of the notes.

The same might be said in respect of a surety or a guarantor, that the principal debtor might pay the debt on its coming due; yet that would not militate against the previous obliga-

tion of the surety or guarantor to pay the debt. So in the case of several makers of a promissory note, upon the death of one of them the claim of the whole note, we take it, might be filed and allowed against his estate, notwithstanding that on the note becoming due it might be paid by the surviving promisors, or each of them might pay his proportion of it, so that the decedent's estate would have none, or but a proportional part, of the debt to pay.

We think the indorser here undertook that these notes should be paid at maturity; that there was a binding obligation on his part for their payment; that there was no condition or contingency as to the obligation itself, but that it was absolute and positive, and constituted a claim against the estate of the indorser; that it was properly filed, as such, against the estate, and that the rejection of it by the court, except as to the amount actually due, was erroneous. The statute required it to be exhibited to the county court within two years from the granting of letters of administration, or else be forever barred, except as to subsequently discovered assets. The statute is, that ."any creditor whose debt or claim against the estate is not due may present the same for allowance and settlement." "A creditor is he who has a right to require the fulfillment of an obligation or contract." (Bouvier's Law Dic.) Dunnigan certainly occupied this position, and he held a claim against the estate not due, bringing himself precisely within the statute.

The judgments of the Appellate and circuit courts will be reversed, and the cause remanded to the circuit court of Edgar county.            *Judgment reversed.*

Mr. Justice Scholfield: I am unable to concur in the reasoning in the foregoing opinion. The statute therein quoted, to the effect that "any creditor whose debt or claim against the estate is not yet due may present the same for allowance and settlement," is in derogation of the common law, and, by

a familiar rule of construction, is therefore to be construed strictly. So construing it, the words, "debts or claims against the estate," must mean existing debts or claims, and not probable future debts or claims. But it is conceded, here, that the contract of Stevens, under the statutes of Indiana, where the notes were made and indorsed, is governed by the law merchant, and that by that law his liability (he having waived presentment and notice) is to pay the notes when due, if Kisner does not pay them then. Kisner is liable, absolutely, to pay the notes, but Stevens is only liable to pay them contingently, upon Kisner's not paying them when due. The difference between the character of liability of Kisner and Stevens is plain and broad. It may be that the day of payment as to Kisner might, in the event of Kisner's death, be accelerated without seriously impairing any right, since it would only affect the question of interest, which the statute equitably provides for. But accelerating the day of payment as to Stevens is a very different thing. He was entitled to the benefit of the chance of Kisner being able to pay the debt at any time until after maturity. Although Kisner may not now be able to pay, it does not follow that he may not be able to pay the notes when due. By this opinion, a liability to pay in the future, upon condition, is converted into a present absolute liability,—a new contract is made for Stevens to which he never gave his assent. This, in my opinion, can not be done.

Mr. JUSTICE MAGRUDER: I concur in the views expressed by Mr. Justice SCHOLFIELD.