(No. 26456.—)

N. J. KREIZELMAN, Appellant, *vs.* GEORGE M. STEVENS,
Appellee.

*Opinion filed November 18, 1942.*

GUNN, J., dissenting.

GOODMAN & GOLOSINEC, for appellant.

STEVENS & STEVENS, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

The appellant brought suit in the circuit court of Cook county against the appellee upon a guaranty of payment, on maturity, of two certain special-assessment vouchers issued by the village of La Grange Park, Illinois, on which there was claimed to be due on voucher No. 2 the sum of $1003.15 as principal, together with interest in the sum

of $348.28, and on voucher No. 3 the sum of $680.44 as principal and $228.60 as interest.

The trial court, on motion and consideration of pleadings, dismissed the case and entered judgment on the pleadings on the grounds that the complaint did not state a cause of action. The Appellate Court affirmed that judgment, and leave to appeal was granted by this court from such judgment.

The complaint alleges that the plaintiff acquired the vouchers and the guaranties by purchase on October 17, 1938, from an investment-security house in Chicago and is the actual *bona fide* owner thereof for value; that the defendant, on the back of each of the vouchers, guaranteed the payment thereof in writing, in the following language: "For value received the undersigned hereby guarantee the payment of the within note at maturity with interest, agreeing to pay all costs and expenses in collecting the same and waiving demand of payment, protest, notice of protest and notice of non-payment."

The complaint also alleges demand for payment of the balance due, together with interest, and refusal on the part of the defendant; that neither the principal nor anyone on his behalf has paid the amount due on the guaranties and that the guaranties are past due and payable. The defendant, by his answer, denied that the plaintiff acquired title to the vouchers and guaranties by purchase and delivery, denied that the vouchers were past due and payable, or that he was liable; averred that no consideration was given for the guaranties and that they were placed on the vouchers after they had been delivered by the defendant to the First National Bank of La Grange at a discount, and asked that judgment be rendered in his favor. The vouchers guaranteed, which are made a part of the complaint, are, except as to amounts, identical. They recite that the treasurer of the village of La Grange Park is to pay the amount therein specified "from the funds realized

by the village of La Grange Park, from the collection of the first installment of the special assessment levied and confirmed by the county court of Cook county in Special Assessment No. 73 * * * , but out of no other tax or funds, * * * . Both principal and interest of this voucher are payable when collected at the office of the Treasurer of the Village of La Grange Park, Illinois, solely out of the portion of taxes collected pursuant to levy of the said Village, for the purpose of discharging the first installment of said special assessment, on or before December 31, 1930."

The important question on this appeal is whether the amended complaint of appellant states a cause of action. Appellant insists that the Appellate Court erroneously held that appellee is not liable, as a matter of law, because the complaint did not state a cause of action in that there was no allegation therein that the principal debtor defaulted in the payment of said vouchers. The instruments or vouchers referred to were not promissory notes, nor even negotiable instruments. Appellant also urges that there were several controverted questions of fact raised in the pleadings and that it was error to enter judgment on the pleadings without hearing evidence. However, even though appellant may be right as to all the factual issues, he must first establish a basis for a cause of action.

The question arises under this complaint as to whether the vouchers had matured and were due according to the guaranty. Both the voucher and the guaranty must be taken together in order to ascertain the agreement of the guarantor. (*Bartlett* v. *Wheeler,* 195 Ill. 445, 451.) A guarantor likewise may impose any terms or conditions on his guaranty which he may choose and will only be liable according to the terms of the agreement. (*LeRoy State Bank* v. *Keenan's Bank,* 337 Ill. 173, 182.) The vouchers recite that they are payable when the amount is collected by the Treasurer of La Grange Park solely out of "the

portion of taxes collected pursuant to levy of said village, for the purpose of discharging the first installment of said special assessment, on or before December 31, 1930." We cannot agree with appellant that this language definitely fixes the date of maturity on December 31, 1930. The above clause construed with the language of the guaranty, "guarantee the payment of the within note at maturity," was intended to fix the time for payment when the tax was collected. The fact that a portion of the vouchers has already been paid indicates that some of the money has been collected. The fact that the balance has not been paid would seemingly indicate that there is still a balance that has not been collected or the fact that, although collected, it has not been paid to redeem the vouchers. There must be an allegation in the complaint that the voucher had matured, coupled with an allegation that the principal obligor is in default in order to place a liability on the part of the guarantor. By his guaranty the guarantor agrees to pay only upon the maturity of the note.

The appellant in his complaint alleged "Neither the principal nor anyone else on behalf of the defendant has paid the amount due on the guaranty," and "that the said guaranties are past due and payable to the plaintiff herein." These are not sufficient allegations that the defendant ever became bound to pay the voucher, because there is a failure to state that the instruments did in fact mature, and that the vouchers were not paid by the makers thereof at maturity. The complaint merely states a conclusion, "that the guaranties are past due and payable to the plaintiff herein," making no direct allegation of fact showing that the vouchers have matured. The complaint is therefore insufficient upon its face to maintain the action. The Appellate Court was correct in holding that the complaint failed to state a cause of action and its judgment is affirmed.

*Judgment affirmed.*

Mr. Justice Gunn, dissenting.