*In re* ESTATE OF WILLIAM MACKEY, Deceased (Freedom Savings-Winter Park, Appellee, v. Milton J. Kolman *et al.*, Ex'rs of the Estate of William Mackey, Appellants).

First District (1st Division)   No. 84—2672

Opinion filed December 9, 1985.

Laser, Schostok, Kolman & Frank, of Chicago (Bruce M. Friedman, of counsel), for appellants.

Nisen, Elliott & Meier, of Chicago (James E. Hussey, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

At issue in this appeal is whether a claim based on a decedent's guaranty of payment on a note is an allowable claim against the estate of the deceased guarantor where liability on the guaranty does not arise until after the statutory period for filing claims against the estate has expired. We hold that it is an allowable claim.

The parties stipulated to the essential facts in the court below. On March 10, 1981, the decedent, William Mackey, executed a guaranty in which, by its terms, he guaranteed payment at maturity of all indebtedness up to the sum of $100,000 of Marco Products, Inc. (Marco), to ComBank, predecessor in interest of claimant Freedom Savings-Winter Park (Freedom Savings). On June 10, 1982, Marco executed its promissory note (the note) to ComBank in return for a loan of $200,000 payable in monthly installments with a final balloon payment due on June 10, 1984. In the guaranty, the decedent waived all conditions regarding protest, presentment, and notice of dishonor and default.

Decedent died on December 12, 1982. Letters of administration were issued by the probate court on February 23, 1983, which began the running of the six-month period for the filing of claims against decedent's estate. (See Ill. Rev. Stat. 1981, ch. 110½, par. 18—12.) On March 2, 1983, Freedom Savings notified the executors of decedent's estate of the claim based on the guaranty. On August 23, 1983, the six-month period for filing of claims against the estate expired. The note remained in good standing until Marco defaulted by failing to make the payment due on September 10, 1983. Freedom Savings accelerated the loan as permitted by its terms and demanded payment in full of all principal and interest owing on the note.

In April 1984, Freedom Savings filed the instant claim in the probate court seeking allowance of a $100,000 claim against decedent's estate based on the guaranty. The executors objected on the grounds that the claim could not be allowed because it remained contingent during the six-month statutory claims period. Freedom Savings asserted that the claim on the guaranty was allowable against the estate as a claim on an absolute liability not yet due. See Ill. Rev. Stat. 1981, ch.

110½, par. 18—4.

On November 1, 1984, the probate court entered an order denying the executors' motion for summary judgment and granting Freedom Savings' motion for partial summary judgment. In the order, the court found that the liability of decedent's estate remained contingent during the entire statutory claims period. However, the court held that the claim could be asserted against the decedent's estate because the estate remained open after the liability under the guaranty ceased to be contingent on September 10, 1983. The court then allowed the filing of the instant appeal after making appropriate findings pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308).

The probate court's judgment may be affirmed upon any ground warranted by the record regardless of whether the particular reasons or specific findings given by the trial court are correct. (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9; *In re Estate of Rice* (1985), 130 Ill. App. 3d 416, 473 N.E.2d 1382.) Here, the probate court found that Freedom Savings' claim was a contingent claim which did not become an absolute liability until the default on the underlying note. A contingent claim is defined as one in which liability is dependent upon the uncertain occurrence of a future event, the happening of which is not within the control of either party. (*Sanders v. Merchants State Bank* (1932), 349 Ill. 547, 570, 182 N.E. 897.) To be allowed as a claim against an estate, a claim must be based upon an absolute liability of the deceased, though the liability need not accrue during the statutory claims period. *Chicago Title & Trust Co. v. Corporation of Fine Arts Building* (1919), 288 Ill. 142, 123 N.E. 300; Ill. Rev. Stat. 1981, ch. 110½, par. 18—4.

The Illinois Supreme Court in *Beebe v. Kirkpatrick* (1926), 321 Ill. 612, 152 N.E. 539, examined the character of a claim based on a guaranty of payment. In *Beebe*, a claimant argued that a claim arising out of a decedent's guaranty of payment of a note was a contingent claim which could be asserted against the heirs of the deceased, rather than against the estate. However, the court noted that an unconditional guaranty of payment is an absolute contract and that, to the extent of the guaranty, the guarantor must be regarded as an original promisor who has bound himself to pay the note when it matures. (321 Ill. 612, 617, 152 N.E. 539.) Because the guaranty constituted an absolute liability, the court held that the claim should have been presented to the guarantor's estate within the limitation period, even though the claim was not due because the underlying note had not matured. 321 Ill. 612, 617-18 152 N.E. 539.

Here, as in *Beebe*, the decedent signed an unconditional guar-

anty of payment upon maturity of the note. In addition, he waived all preconditions regarding protest, presentment and notice of dishonor so, as in *Beebe*, the guarantor could have been sued at once if the note was not paid at maturity. Even though the guarantor's liability might have been secondary prior to maturity of the note, there was a continuing liability under the guaranty from the inception of the note. Therefore, pursuant to *Beebe*, we find the guaranty involved in this case was an absolute liability of the guarantor, even though liability under the guaranty did not accrue until after the statutory claims period and the amount of the guarantor's liability was being reduced during the limitation period by Marco's payments on the note. It follows that the claim based on the guaranty was an allowable claim against the guarantor's estate.

■ The claim is not rendered contingent because liability may be dependent on the maker's default on the note or because payment on the guaranty might never be necessary if the note is paid prior to maturity. These contentions were rejected long ago by the Illinois Supreme Court in *Dunnigan v. Stevens* (1887), 122 Ill. 396, 403-04, 13 N.E. 651.

In addition, we find the executors' reliance on *Kreizelman v. Stevens* (1942), 381 Ill. 73, 44 N.E.2d 873, to be misplaced. *Kreizelman* did not involve a claim against an estate and it has not modified *Beebe* in any way. *Beebe* remains in conformity with the law in Illinois regarding guaranty contracts. (*In re Estate of Melvin* (1972), 5 Ill. App. 3d 463, 283 N.E.2d 303.) In any event, we have no choice but to follow the clear mandate of our supreme court that claims based on the type of guaranty involved here are allowable claims against the guarantor's estate and are not contingent claims.

■ Here, Freedom Savings properly presented its claim to the estate by filing written notice of its claim arising from the guaranty within the statutory claims period. (See *Berke v. First National Bank & Trust Co.* (1979), 77 Ill. 2d 452, 397 N.E.2d 842.) Because the claim at bar constituted an allowable claim "not due" under *Beebe* which was properly presented to the estate within the statutory period, we affirm the judgment of the probate court allowing the claim against the estate of the decedent guarantor. As the claim presented here is not a contingent claim, we do not discuss the power of the probate court to allow a contingent claim, which becomes absolute after the expiration of the statutory claims period but before the estate is closed.

Affirmed.

CAMPBELL and QUINLAN, JJ., concur.