F. GLENN CHRISTIAN *v.* JOANNE A. GOULDIN, EXECUTRIX (ESTATE OF NORMAN H. GOULDIN), ET AL.
(AC 21657)

Foti, Schaller and Flynn, Js.

Argued April 25—officially released August 27, 2002

*Thomas F. McDermott, Jr.,* for the appellant (plaintiff).

*Gary A. MacMillan,* for the appellees (named defendant et al.).

*Opinion*

FOTI, J. This appeal arises from a dispute over a partnership agreement between the plaintiff, F. Glenn Christian, and Norman H. Gouldin, Angelo L. Miglietta and James M. Belcher.[1] The plaintiff appeals from the

---

[1] Joanne A. Gouldin is the executrix of the estate of Norman H. Gouldin. Norman H. Gouldin was a founding partner of Keene Industries Company and died testate on August 11, 1998. Keene Industries, Inc., and Keene Industries I Limited Partnership, the successor in interest of Keene Industries Company, also are named as defendants as to the second count of the complaint, but are not parties in the present appeal. In this opinion, we refer to Joanne A. Gouldin, executrix of the estate of Norman H. Gouldin, and Miglietta and Belcher as the defendants.

judgment of the trial court granting the defendants' motion for summary judgment as to the first count of the plaintiff's complaint. The plaintiff argues that the court improperly (1) granted the motion for summary judgment and (2) declined to equitably estop the defendants from raising a defense relative to their claim of limitation of partnership liability. We affirm the judgment of the trial court.

The relevant facts and procedural history are as follows. The plaintiff, Gouldin, Miglietta and Belcher formed Keene Industries Company, a general partnership, in June, 1988. The partnership owned Keene Industries, Inc. In May, 1989, the partnership restated and amended its partnership agreement. That partnership agreement (May agreement) stated that upon termination of a partner's employment, the departing partner's interest in the partnership would be liquidated in an amount calculated according to the terms of the May agreement.

Specifically, the May agreement provided that the amount to be paid to a departing partner included three components consisting of a pro rata share of the partnership's income, an amount based on the departing partner's capital account and a guaranteed payment based on the partnership's determined value. Under the agreement, the income and capital portions were to be paid within 180 days of termination, and the guaranteed amount was to be paid quarterly over four years in equal installments. Regardless of that schedule, however, the May agreement also included a limiting provision that allowed the partnership to defer payments to withdrawing partners on a per capita basis in the event that total payouts to such partners exceeded $650,000 in any given fiscal year.

The plaintiff's employment with Keene Industries Company and Keene Industries, Inc., terminated on

December 31, 1991, triggering liquidation.[2] On that date, the plaintiff's income and capital portions of the liquidation payments equaled $94,597.28, and his guaranteed payment was $900,000.

On January 1, 1992, after some negotiation between the plaintiff and the other partners, the partners presented the plaintiff with a proposed new agreement (letter agreement) expressly referencing the plaintiff's termination and subsequent payout. The plaintiff executed that letter agreement on January 15, 1992. The letter agreement specified the exact amounts owed to the plaintiff using the May agreement's method of calculation. The guaranteed payout installments, however, would now be disbursed monthly during a five year period. Further, any payments thirty days or more overdue would accrue interest at a rate of 10 percent per annum. Additionally, the letter agreement provided that all payments to the plaintiff would be from the partnership's funds without any personal liability on the part of individual partners. By his signature, the plaintiff also agreed to a general release and discharge of the partnership, its partners and the corporation from all other claims.

On September 29, 1999, the plaintiff filed a two count complaint for breach of contract due to nonpayment of the guaranteed payment portions of the liquidation payout. The first count named the individual partners, and the second count named the partnership. The defendants filed an answer on November 1, 1999, asserting as a special defense for the individual partners the signed general release and nonrecourse provisions of the letter agreement. On July 28, 2000, the defendants filed a motion for summary judgment as to count one against the individual partners, claiming that there were no

_____

[2] Although there were additional agreements governing the repurchase of Keene Industries, Inc., stock, receipt of those payments is not at issue.

genuine issues of material fact in dispute regarding the liability of the individual defendants named in the first count of the complaint.

In the plaintiff's objection, filed October 3, 2000, he argued that there remained disputed issues of fact as to what effect the letter agreement had on the defendants' obligations under the May agreement, whether the letter agreement was supported by consideration and whether defendants should be estopped from raising the letter agreement as a defense to personal liability. Finding no genuine issue of material fact regarding the validity or construction of the letter agreement, the court granted the defendants' motion for summary judgment as to count one of the plaintiff's complaint. The plaintiff now appeals from that ruling.

We begin by stating our well settled standard of review of a court's decision to grant a motion for summary judgment. "On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment for the [defendants] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . .

"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .

"A material fact is a fact that will make a difference in the outcome of the case. . . . Once the moving party

has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue . . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court . . . ." (Citations omitted; internal quotation marks omitted.) *Yancey* v. *Connecticut Life & Casualty Ins. Co.*, 68 Conn. App. 556, 558–59, 791 A.2d 719 (2002).

Moreover, "[a] defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." *Perille* v. *Raybestos-Manhattan-Europe, Inc.*, 196 Conn. 529, 543, 494 A.2d 555 (1985).

## I

The plaintiff first claims that the court improperly granted the defendants' motion for summary judgment because the pleadings and his affidavit filed in opposition to the motion showed that a genuine issue of material fact exists concerning (1) the proper interpretation of the letter agreement's effect on the liability of the individual partners and (2) whether the letter agreement was supported by valid consideration. Keeping in mind our standard of review, we address separately each of those arguments.

## A

Because the court granted summary judgment largely on the basis of its interpretation of the letter agreement, we must decide whether the court's interpretation of that agreement was legally and logically correct. Our

review, therefore, requires us to first set forth the applicable principles of contract law.

"Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Citations omitted; internal quotation marks omitted.) *Levine* v. *Massey*, 232 Conn. 272, 277–78, 654 A.2d 737 (1995). "[T]he interpretation and construction of a written contract present only questions of law, within the province of the court . . . so long as the contract is unambiguous and the intent of the parties can be determined from the agreement's face." *Tallmadge Bros., Inc.* v. *Iroquois Gas Transmission System, L.P.*, 252 Conn. 479, 495, 746 A.2d 1277 (2000), quoting 11 S. Williston, Contracts (4th Ed. Lord 1999) § 30:6, pp. 77–80. "Contract language is unambiguous when it has a definite and precise meaning about which there is no reasonable basis for a difference of opinion." *Paul Revere Life Ins. Co.* v. *Pastena*, 52 Conn. App. 318, 322, 725 A.2d 996, cert. denied, 248 Conn. 917, 734 A.2d 567 (1999), citing *Levine* v. *Advest, Inc.*, 244 Conn. 732, 746, 714 A.2d 649 (1998).

"A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings." *Marcolini* v. *Allstate Ins. Co.*, 160 Conn. 280, 284, 278 A.2d 796 (1971). "When only one interpretation of a contract is possible, the court need not look outside the four corners of the contract . . . ." (Internal quotation marks omitted.) *Venture Partners, Ltd.* v. *Synapse Technologies, Inc.*, 42 Conn. App. 109, 113, 679 A.2d 372 (1996).

The plaintiff claims that the court improperly concluded that the parties had intended the letter

agreement to modify or to supplant the May agreement and that the parties intended to give effect to the letter agreement's nonrecourse provision. The plaintiff argues that his affidavit in support of his opposition to the motion for summary judgment raised some factual disputes relating to the interpretation of the letter agreement. The plaintiff contends that the court, in granting the motion for summary judgment, erroneously decided material issues of fact instead of reserving them for the trier of fact. We disagree.

The court reviewed the letter agreement and concluded that it contained "clear and decisive" language and was unambiguous on its face. The plaintiff never expressly claimed in his pleadings or affidavit that the language of the letter agreement was ambiguous. Although the plaintiff's affidavit purported to provide alternative purposes and effects of his signing the letter agreement, "the purposes which the parties sought to accomplish and their motives cannot prove an intent contrary to the plain meaning of the language used." (Internal quotation marks omitted.) *Levine* v. *Massey,* supra, 232 Conn. 279.

The relevant language of the letter agreement, when read in context, is clear: "You hereby agree that all amounts due by the Partnership to you pursuant to this Letter Agreement shall be satisfied from the assets of the Partnership and shall be without recourse to any of its Partners, as such term is defined in the Partnership Agreement." The plaintiff argues that because that sentence purports to release individual partners only from liability on "amounts due by the Partnership," the release is ineffective in releasing the partners from amounts due on the basis of their original individual obligations under the May agreement.

We decline to afford that provision such a tortured interpretation. The plaintiff's affidavit, while providing

his alternative legal conclusions as to the effect and purpose of the letter agreement, raised no issues of material fact relevant to the court's interpretation of the letter agreement. The plaintiff provides no other evidence or reason why the trial court or this court on appeal should look beyond the four corners of the letter agreement. Further, the plaintiff's other arguments, i.e., that language in individual provisions suggests meanings other than those found by the trial court, results from his dissecting the contract in ways we have shown are not in conformity with normal contract interpretation.

It is clear that the purpose of the letter agreement was to adopt the May agreement's payout calculations while altering other terms of the payout agreement, including liability for failing to make timely payments. The defendants' motion properly raised the letter agreement as a defense for the individual partners, claiming that the letter agreement had created a release of the individual partners from any personal liability they may have had under the May agreement. Because there is no reasonable basis for a difference in opinion as to the interpretation of the agreement, the court correctly determined its meaning as a matter of law.

On the basis of our plenary review of the record, we conclude that the court properly found that the letter agreement had effectively released the individual partners from personal liability on debt arising from the plaintiff's liquidation from the partnership. Consequently, no genuine issue of material fact exists regarding the interpretation of the letter agreement.

B

The plaintiff next argues that the court improperly determined that he had "received consideration in exchange for his promise to seek payment only from the assets of the partnership without recourse to the

individual partners" because a genuine issue of material fact remained as to that issue. We disagree.

Consideration consists of "a benefit to the party promising, or a loss or detriment to the party to whom the promise is made." *Finlay* v. *Swirsky*, 103 Conn. 624, 631, 131 A. 420 (1925). Although an exchange of promises usually will satisfy the consideration requirement; *Taft Realty Corp.* v. *Yorkhaven Enterprises, Inc.*, 146 Conn. 338, 342, 150 A.2d 597 (1959); "a promise to do that which one is already bound by his contract to do is not sufficient consideration to support an additional promise by the other party to the contract." *New England Rock Services, Inc.* v. *Empire Paving, Inc.*, 53 Conn. App. 771, 776, 731 A.2d 784, cert. denied, 250 Conn. 921, 738 A.2d 658 (1999). "A modification of an agreement must be supported by valid consideration and requires a party to do, or promise to do, something further than, or different from, that which he is already bound to do." (Internal quotation marks omitted.) Id.

Nevertheless, "[t]he doctrine of consideration does not require or imply an equal exchange between the contracting parties. . . . The general rule is that, in the absence of fraud or other unconscionable circumstances, a contract will not be rendered unenforceable at the behest of one of the contracting parties merely because of an inadequacy of consideration." (Citations omitted.) *Osborne* v. *Locke Steel Chain Co.*, 153 Conn. 527, 532–33, 218 A.2d 526 (1966); see also 1 Restatement (Second), Contracts § 79, p. 200 (1981) ("[i]f the requirement of consideration is met, there is no additional requirement of . . . 'mutuality of obligation' ").

After reviewing the facts of the present case, we conclude that the court reasonably determined that the provision in the letter agreement to pay interest on late payments was a promise by the defendants to do something they had not agreed to in the May agreement.

Additionally, because the letter agreement now is the operative document regarding payout, the plaintiff no longer is subject to a potential reduction in his payouts due to the May agreement's payout cap. Our review of the documents leads us to agree with the court's determination.

Either of those changes to the original agreement could potentially benefit the plaintiff, and each falls within the definition of consideration previously set forth. The fact that the plaintiff may have given up substantial rights under the May agreement in exchange for concessions that in hindsight may seem less valuable does not make the consideration inadequate. Further, there is nothing in the record that suggests fraud or unconscionable behavior on the part of the partnership in negotiating the agreement. Therefore, we agree with the court that the letter agreement was supported by proper consideration.

## II

Finally, the plaintiff argues that the court should have equitably estopped the defendants, as authors of the letter agreement, from employing the letter agreement's limitation on individual partnership liability because a certain clause in the letter agreement itself induced the plaintiff to believe that his signature merely would reaffirm his rights to collect under the May agreement. We decline to review that claim because the court did not address that issue.

It is the appellant's duty to provide an adequate record on which to base an appeal. See Practice Book §§ 60-5, 61-10. "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us

respecting this claim would be entirely speculative." (Internal quotation marks omitted.) *Bradley* v. *Randall*, 63 Conn. App. 92, 96, 772 A.2d 722 (2001).

The court noted the plaintiff's claim of equitable estoppel in its memorandum of decision. The court did not, however, address the claim. Accordingly, we are unable to review any factual or legal conclusions drawn by the court concerning that claim. The plaintiff was free to file a motion for articulation with regard to that issue. Practice Book § 66-5. The plaintiff did not do so and, therefore, we have no basis on which to review the claim.

The judgment is affirmed.

In this opinion the other judges concurred.

