[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this action in three counts, breach of contract, unjust enrichment and restitution. The gravamen of the three-count complaint is that the plaintiff paid the defendant $7,000, to be applied to her attorneys fees, in return for her agreement to decrease the amount of his alimony obligation. The defendant failed to perform her end of the bargain and the plaintiff seeks damages.
The defendant moves for summary judgment on the basis of res judicata. The gist of her motion is that the plaintiff and the defendant are former spouses who were divorced and that the following events occurred in the divorce action: the plaintiff was ordered to pay periodic alimony; the plaintiff failed to pay periodic alimony according to the terms of the order of the court; the defendant moved for contempt and the plaintiff moved to modify the order of periodic alimony; the court (Dewey, J.) granted both motions. In arguing the motions, the plaintiff claimed that he had paid the defendant $7,000 in consideration for an extra-judicial oral modification of his alimony obligation. Toward the end of the court's articulation of its decision, the plaintiff's attorney inquired of the court: "Is — is the Court going to give Mr. Jones credit for the $7,000 in additional attorneys fees paid against the 67,000?" To this the court answered "No." That exchange is the basis for the defendant's claim of res judicata.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleading, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ."
"A material fact is a fact that will make a difference in the outcome of the case . . . Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present CT Page 2578-bk evidence that demonstrates the existence of some disputed factual issue . . ." (Internal quotation marks omitted.) Christian v. Gouldin,72 Conn. App. 14, 18-19, 804 A.2d 865 (2002).
"[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim." (Internal quotation marks omitted.) Honan v. Dimyan, 63 Conn. App. 702, 706, 778 A.2d 989, cert. denied, 258 Conn. 942, 786 A.2d 430 (2001). "A claim is a demand for money or property. Ballentine's Law Dictionary (3d ed. 1969)." Lutynskiv. B.B.J. Trucking, Inc., 31 Conn. App. 806, 813, 628 A.2d 1 (1993), aff'd., 229 Conn. 525, 642 A.2d 7 (1994). "[W]hether res judicata is a defense depends on the facts peculiar to the case." Orselet v. DeMatteo,206 Conn. 542, 548, 539 A.2d 95 (1988).
"Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue wasactually litigated and necessarily determined in a prior action between the same parties upon a different claim . . . For an issue to be subject to collateral estoppel, it must have been actually decided and the decision must have been necessary to the judgment." (Emphasis in original; internal quotation marks omitted.) R R Pool Patio, Inc.v. Zoning Board of Appeals, 257 Conn. 456, 466, 778 A.2d 61 (2001).
Whether the gravamen of the defendant's motion is properly characterized as res judicata or collateral estoppel, the defendant cannot prevail on her motion. Even assuming that the cause of action or issue of the parties' alleged informal oral modification was before Judge Dewey, it is not clear that the court's terse "no" constituted a judgment on the merits of that claim, for purposes of res judicata, or that the issue was necessarily determined, for purposes of collateral estoppel. "A judgment on the merits is one which is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction orform . . . A decision with respect to the rights and liabilities of the parties is on the merits where it is based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends." (Emphasis added.) Rosenfield v. Cymbala,43 Conn. App. 83, 91, 681 A.2d 999 (1996). "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined . . . An issue isnecessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered." (Emphasis in original; internal quotation marks omitted.) R R Pool Patio, Inc.v. Zoning Board of Appeals, supra, 257 Conn. 466. CT Page 2578-bl
The plaintiff asked the court for a $7000 "credit" against his alimony obligation, based on an agreement he made with the defendant subsequent to the order of alimony that the court was enforcing. Cf. Hull v.Harris, 45 Conn. 544, 546-47 (1878), where such an agreement was held to be a defense to contempt. The defendant has failed to show that there is no genuine issue as to whether the court found that there was no transaction giving rise to an obligation by the defendant to pay the plaintiff $7,000 or whether the court found that such an obligation, whether or not it existed, could not or should not be credited against the plaintiff's alimony obligation. See Eldridge v. Eldridge,244 Conn. 523, 532, 710 A.2d 757 (1993) (parties cannot resort to self-help by deciding unilaterally to withhold alimony payments).[1]
This cannot be determined from the papers submitted in connection with the defendant's motion. See Nancy G. v. Dept. of Children and Families,248 Conn. 672, 682, 733 A.2d 136 (1999); see also Ackley v. Kenyon,152 Conn. 392, 395, 207 A.2d 265 (1965) ("we are permitted to construe a prior judgment and decision in the light of its record").
"In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact." (Internal quotation marks omitted.) Rosenfield v. Rogin, Nassau, Caplan, Lassman Hirtle,LLC, 69 Conn. App. 151, 156, 795 A.2d 572 (2002). Where the basis of a motion for summary judgment is res judicata, "[t]he defendant has the burden of showing that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." (Internal quotation marks omitted.) Dowling v. Finley Associates, Inc., 248 Conn. 364, 377,727 A.2d 1245 (1999). The defendant has not sustained that burden. For this reason, the motion for summary judgment is denied.
BY THE COURT
Bruce L. Levin
Judge of the Superior Court