FIRST DIVISION
June 30, 2008

No. 1-07-1744

| | | |
|---|---|---|
| *In re* ESTATE OF ROBERT E. GALLAGHER, Deceased | ) | Appeal from |
| | ) | the Circuit Court |
| (Richard F. Henry and Edward J. Henry, Indiv. and as | ) | of Cook County |
| Trustees of the James Henry Revocable Trust for the | ) | |
| Benefit of John Henry, Daniel Henry and Carol Anne | ) | |
| Kamin, | ) | |
| | ) | No. 05 P 4461 |
| Petitioners-Appellants, | ) | |
| v. | ) | |
| | ) | |
| Estate of Robert E. Gallagher, | ) | Honorable |
| | ) | James W. Kennedy, |
| Respondent-Appellee). | ) | Judge Presiding. |

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

This appeal arises out of the dismissal under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2004)) of claims brought against the estate of Robert E. Gallagher. The claims were for money not yet due on promissory notes signed by Gallagher in his capacity as a managing partner of corporations known collectively as G&H Entities. The trial court held: (1) Gallagher had been released from individual liability on the notes by a settlement agreement among the parties; (2) the Uniform Partnership Act (the Act) (805 ILCS 205/1 *et seq.* (West 2000) negated Gallagher's individual liability and that of his estate; and (3) petitioners' acceptance of partial payment on the notes from G&H Entities after Gallagher's death amounted to an implied agreement to release the estate. Because we believe the trial court misread the

scope of the settlement agreement, we reverse and remand with directions.

Petitioners are former partners, shareholders and members of G&H Entities. Robert E. Gallagher, the deceased, was at all relevant times the managing partner of G&H Entities. In settlement of an underlying action, G&H Entities purchased petitioners' interest in the companies. A settlement agreement and mutual release were entered into between G&H Entities and each petitioner. As required by each settlement agreement, G&H Entities paid petitioners a percentage of their interest in the companies. Gallagher, on behalf of G&H Entities, executed promissory notes for the remainder. In consideration for the payments, petitioners released Gallagher, individually and as managing partner of G&H Entities, from all claims arising out of petitioners' ownership interest in G&H with one reservation--which is at the heart of the dispute here. The release concluded with this language: "this release does not extend to any claims arising out of or related to the rights and obligations reflected in this Agreement or documents created in connection with it."

Gallagher died on May 13, 2005. G&H Entities continued to make payments on the promissory notes and petitioners continued to accept such payments after Gallagher's death. Petitioners filed claims against Gallagher's estate for the remaining principal and interest on the notes. The trial court dismissed petitioners' claims under section 2-619 of the Code. Petitioners now appeal.

Our standard of review in a case such as this is well settled. "The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation." Van Meter v. Darien Park District, 207 Ill. 2d 359, 367, 799 N.E.2d 273 (2003).

Section 2-619(a)(9) of the Code authorizes involuntary dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2004). Affirmative matter is something in the nature of a defense that negates the cause of action completely. Van Meter, 207 Ill. 2d at 367. The party bringing a section 2-619 motion to dismiss admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter to defeat the plaintiff's claim. Van Meter, 207 Ill. 2d at 367. In ruling on such motion, the court must interpret the pleadings and supporting documents in the light most favorable to the nonmoving party. Van Meter, 207 Ill. 2d at 367-68. Our review of a trial court order granting a motion to dismiss under section 2-619 of the Code is *de novo*. Van Meter, 207 Ill. 2d at 368.

We first note that petitioners' claims were filed under section 18-4 of the Probate Act of 1975 (755 ILCS 5/18-4 (West 2004)). That section reads: "A claim against a decedent's estate that is not due may be filed and allowed and paid out of the estate ***." 755 ILCS 5/18-4 (West 2004). The estate contends the claims are contingent on G&H Entities defaulting on the promissory notes and should have been dismissed on this ground. The estate cites the rule of law that claims not yet due must be based on an absolute liability of the deceased and cannot be contingent. See In re Estate of Mackey, 139 Ill. App. 3d 126, 128, 487 N.E.2d 81 (1985), citing Chicago Title & Trust Co. v. Corporation of Fine Arts Building, 288 Ill. 142, 155-56, 123 N.E. 300 (1919). A contingent claim is "one in which liability is dependent upon the uncertain occurrence of a future event, the happening of which is not within the control of either party." Mackey, 139 Ill. App. 3d at 128, citing Sanders v. Merchants State Bank, 349 Ill. 547, 570, 182

3

N.E. 897 (1932). Liability on the promissory notes here is not contingent on a future event. The consideration underlying the promissory notes--petitioners' interest in G&H Entities--was assigned at the time the promissory notes and settlement agreements were executed. There was nothing more required for liability on the notes to become absolute. So the issue before us is not whether the claims are contingent, but whether Gallagher's estate can be held liable on the claims.

In support of holding the estate liable, petitioners first argue that Gallagher was jointly liable on the notes in his capacity as a partner of G&H Entities. Petitioners cite the Act (805 ILCS 205/1 *et seq.* (West 2000); see also Pub. Act 92-740, eff. January 1, 2003 (repealing 805 ILCS 205/1 *et seq.* and enacting 805 ILCS 206/100 *et seq.*)); see also 805 ILCS 205/90 (West 2004) (the Uniform Partnership Act applies to partnerships formed before January 1, 2003)). With certain exceptions not applicable here, section 15 of the Act renders partners jointly liable-- as opposed to jointly and severally liable--for the debts and obligations of the partnership. 805 ILCS 205/15 (West 2000); but see 805 ILCS 206/306 (West 2004) (under the new law, partners are jointly and severally responsible for the debts of the partnership).

In 1957, our supreme court addressed this provision under facts similar to those presented here. See Sternberg Dredging Co. v. Estate of Sternberg, 10 Ill. 2d 328, 140 N.E.2d 125 (1957). The only difference is that the promissory notes in Sternberg were already due at the time of the partner's death. Sternberg, 10 Ill. 2d at 329. The court held that, although living partners must be sued jointly to recover on a partnership debt, a creditor may seek recovery in equity against a deceased partner without joining the other partners, even though the living

partners are able to pay on the debt. Sternberg, 10 Ill. 2d at 333-34. In other words, section 15 of the Act allows a creditor to assert a claim against the estate of a deceased partner for a debt owed by the partnership. Sternberg, 10 Ill. 2d at 333-34. The court explained: "[t]he death of a partner should not diminish his liability, extinguish his debt, or discharge his estate." Sternberg, 10 Ill. 2d at 333. "[I]t is not necessary to exhaust the partnership assets before individual property can be taken." Sternberg, 10 Ill. 2d at 333.

The estate does not cite to or otherwise address Sternberg in its brief to this court. Rather, citing section 306(a) of the Uniform Partnership Act (*1997*) (805 ILCS 206/306(a) (West 2004)), the estate argues Gallagher was released from liability by agreement between the partners. That section reads: "all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law." 805 ILCS 206/306(a) (West 2004). The Uniform Partnership Act (1997) does not apply here because G&H Entities was formed before January 1, 2003. See 805 ILCS 205/90 (West 2004) (the Uniform Partnership Act (1917) applies to partnerships formed before January 1, 2003). Section 15 of the Act was the predecessor provision and did not authorize a partner to opt out of a partnership liability by agreement. 805 ILCS 205/15 (West 2000). Nor, as explained above, does it provide for joint and several liability. 805 ILCS 205/15 (West 2000).

We agree with petitioners that, under section 15 of the Act, as interpreted by Sternberg, petitioners could hold Gallagher's estate liable on the notes. The statutory scheme makes this clear: section 31(4) (805 ILCS 205/31(4) (West 2000) (death of partner causes dissolution of partnership)); section 36(1) (805 ILCS 205/36(1) (West 2000) ("[t]he dissolution of the

partnership does not of itself discharge the existing liability of any partner")); and section 36(4) 805 ILCS 205/36(4) (West 2000) ("individual property of a deceased partner shall be liable for those obligations of the partnership incurred while he was a partner and for which he was liable under [s]ection 15 but subject to the prior payment of his separate debts")). The trial court erred in holding otherwise.

The estate contends that petitioners released Gallagher and his heirs from individual liability on the notes through the release provisions contained in each settlement agreement. "A release is a contract whereby a party abandons a claim to the person against whom the claim exists." Fuller Family Holdings, LLC v. Northern Trust Co., 371 Ill. App. 3d 605, 614, 863 N.E.2d 743 (2007). We apply general principles of contract interpretation to release provisions, giving clear and unambiguous terms their plain and ordinary meaning. Fuller, 371 Ill. App. 3d at 614. Also, because the settlement agreements were executed in conjunction with the promissory notes, they "will be considered together and construed with reference to one another because they are, in the eyes of the law, one contract." Tepfer v. Deerfield Savings & Loan Ass'n, 118 Ill. App. 3d 77, 80, 454 N.E.2d 676 (1983).

The intent of the parties controls the scope and effect of a release. Fuller, 371 Ill. App. 3d at 614. That intent can be discerned from the express language of the release as well as the circumstances surrounding the transaction. Fuller, 371 Ill. App. 3d at 614. A release will operate to defeat only those claims contemplated by the parties at the time of execution. Fuller, 371 Ill. App. 3d at 614. Unknown claims are not defeated by general words of release. Fuller, 371 Ill. App. 3d at 614. Also, "[g]eneral words of release are restrained in effect by the specific recitals

contained in the document." Fuller, 371 Ill. App. 3d at 614.

In executing the settlement agreements here, petitioners agreed to release Gallagher, both individually and as managing partner of G&H Entities, "from any and all claims *** arising out of [petitioners'] ownership interest in any of the G&H [Entities] *** provided, however, that this release does not extend to any claims arising out of or related to the rights and obligations reflected in this [settlement] [a]greement or documents created in connection with it."  Although it is undisputed that the promissory notes were created in connection with the settlement agreements, the estate maintains that the general releases extinguish Gallagher's individual liability on the notes.  There are two problems with this argument: (1) it ignores section 15 of the Act, which, as explained, holds individual partners jointly liable on partnership debts; and (2) it ignores the carve-out provision, which restricts the general release to "claims arising out of or related to the rights and obligations reflected in [the settlement] [a]greement or documents created in connection with it."

The estate argues the carve-out language does not apply to petitioners' claims.  Its argument rests on the fact that G&H Entities, as opposed to Gallagher individually, was the sole obligor on the notes.  Gallagher signed the notes only in his representative capacity.  Again, this argument ignores section 15 of the Act and Sternberg's interpretation of that section.

The estate maintains that parties to a contract may agree to whatever terms they desire as long as those terms are not contrary to public policy.  Although this statement of law is correct (see Braye v. Archer-Daniels-Midland Co., 175 Ill. 2d 201, 215, 676 N.E.2d 1295 (1997)), we do not believe it applies here.  "It is presumed that parties contract with knowledge of the existing

law." Braye, 175 Ill. 2d at 217. There is no language contained in the notes or the settlement agreements from which we can infer an intent by the parties to avoid the application of section 15 of the Act and extinguish Gallagher's individual liability on the notes.

The estate cites Christian v. Gouldin, 72 Conn. App. 14, 804 A.2d 865 (2002), for the proposition that parties can contract to restrict individual partner liability. The contract language at issue there read: " 'You hereby agree that all amounts due by the Partnership to you pursuant to this Letter Agreement shall be satisfied from the assets of the Partnership and shall be without recourse to any of its Partners, as such term is defined in the Partnership Agreement.' " Christian, 72 Conn. App. at 21, 804 A.2d at 870. The court held this language released the partners from individual liability. Christian, 72 Conn. App. at 22, 804 A.2d at 870. Similar language was not used in the settlement agreements and promissory notes at issue here. Nor did the court in Christian consider the effect of such language in relation to a statute, such as section 15 of the Act, that holds partners jointly liable for the debts of the partnership. Christian is unpersuasive on these grounds.

The estate next argues that petitioners, by accepting payments on the notes from G&H Entities after Gallagher's death, impliedly agreed to discharge Gallagher from individual liability. The estate cites section 36(2) of the Act, which reads:

"A partner is discharged from any existing liability upon dissolution of the partnership by an agreement to that effect between himself, the partnership creditor and the person or partnership continuing the business, and such agreement may be inferred from the course of dealing between the creditor having

knowledge of the dissolution and the person or partnership continuing the business."  805 ILCS 205/36(2) (West 2000).

Petitioners argue their acceptance of payment did not amount to an implied agreement to discharge Gallagher from liability.

Although decided well before the Act became law, Hayward v. Burke, 151 Ill. 121 (1894), which has been the law in Illinois for over 100 years, is dispositive of this issue.  The creditor there had a certificate of deposit (CD) with a bank owned by three partners.  Hayward, 151 Ill. at 126-27.  The bank was to pay interest on the CD every four months.  Hayward, 151 Ill. at 127.  One of the bank partners died before the first interest payment was due.  Hayward, 151 Ill. at 126-27.  The other two partners continued business under the firm name and paid the interest on the CD at the expiration of the four-month period.  Hayward, 151 Ill. at 127-28.  The creditor accepted the payment.  Hayward, 151 Ill. at 128.  The two partners eventually sold the bank.  Hayward, 151 Ill. at 127.  The creditor brought a claim against the deceased partner's estate for payment on the CD.  Hayward, 151 Ill. at 127-28.  At issue was whether the creditor could hold the deceased partner's estate liable for payment of the CD.  Hayward, 151 Ill. at 128. The court noted the general rule:

"Where a firm is dissolved by the retirement of one of the partners, and the remaining partners assume and agree to pay the firm debts, the retiring partner is not thereby relieved of his liability to pay the firm debts.  In order to release the old liability and create a new one, there must be assent on the part of the creditor, and of the original debtors, and of the persons who assume the debts.  ***  Such

9

assent or agreement on the part of the creditor may be either express, or implied

from his subsequent acts or conduct." Hayward, 151 Ill. at 129-30.

The was no express agreement by the creditor there to release the original firm from liability. Hayward, 151 Ill. at 130. But the estate argued the creditor impliedly agreed to hold the new firm liable by accepting interest payments on the CD after the partner's death. Hayward, 151 Ill. at 130. The court disagreed. Hayward, 151 Ill. at 130-31. The court held the surviving partners had the right to continue the partnership business by paying its debts and that it was improper to presume that the creditor, by accepting interest payments from the surviving partners, intended to release the estate. Hayward, 151 Ill. at 130-31. "The mere fact, that a creditor takes additional security from a new firm, without releasing the old debt, or receives interest from the new firm, will not absolve a retiring partner from his original responsibility." Hayward, 151 Ill. at 131.

That Hayward was decided before the enactment of section 36(2) of the Act is of no real consequence here. That section codified the common law rule, cited in Hayward, that to release an old liability and create a new one there must be an agreement to do so, either express or implied, between the original debtors, the person assuming the new debt and the creditor.

The estate's argument that there was an implied agreement to release the old partnership, and so Gallagher's estate, from liability on the promissory notes on the basis of petitioners' acceptance of payment on the notes from G&H Entities after Gallagher's death is defeated by Hayward. The trial court erred in holding otherwise.

The estate maintains, as an alternative ground for affirmance, that Gallagher was released from individual liability by operation of law under sections 41 and 42 of the Act (805 ILCS

10

205/41, 42 (West 2000)). Those sections address circumstances where one partner dies and the partnership, although legally dissolved, continues without winding up the partnership affairs. Section 41 confers on creditors of the dissolved partnership rights in the new partnership under certain circumstances. 805 ILCS 205/41 (West 2000). Those rights are in addition to rights the creditor may have against the dissolved partnership. 805 ILCS 205/41 (West 2000). Section 42 addresses the right of a deceased partner to his interest in the dissolved partnership. 805 ILCS 205/42 (West 2000). We fail to see how these provisions impact the issues in this case.

The judgment of the circuit court is reversed and the cause is remanded with directions to reinstate petitioners' claims against the estate and proceed in a manner consistent with this opinion.

Reversed and remanded.

WOLFSON and GARCIA, JJ., concur.